1  Garth W. Aubert Bar No. 162877
   Linda C. Hsu, Bar No. 239880
2  Mendes & Mount, LLP
   445 South Figueroa Street, 38th Floor
3  Los Angeles, CA 90071-1602
   (213) 955-7700
4  (213) 955-7725 Fax
   Garth.Aubert@mendes.com
5  Linda.Hsu@mendes.com

6  Attorneys for Defendant
   Thermal Ceramics Inc.

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11  MONTY ZAROGOZA and JUDITH          )  No. CV 08-3841 SI
    ZAROGOZA,                          )
12                                     )  (San Francisco Superior Court Case
            Plaintiffs,                )  No. CGC-08-274737)
13                                     )
        v.                             )  **ANSWER OF DEFENDANT**
14                                     )  **THERMAL CERAMICS INC. TO**
    A.W. CHESTERTON COMPANY, et al.    )  **COMPLAINT FOR DAMAGES**
15                                     )
            Defendants.                )
16                                     )
                                       )
17                                     )
                                       )
18  _____  )

19

20       Defendant Thermal Ceramics Inc., ("Thermal Ceramics" or "Defendant"),

21  answers Plaintiffs' Complaint as follows: Thermal Ceramics denies every allegation

22  in Plaintiffs' Complaint, except as hereinafter specifically admitted, qualified, or

23  otherwise answered.

24                 **GENERAL ALLEGATIONS**

25       1.      Thermal Ceramics lacks knowledge or sufficient information to form a

26  belief as to the truth of the allegations in paragraph 1, and therefore denies them.

27       2.      Thermal Ceramics lacks knowledge or sufficient information to form a

28  belief as to the truth of the allegations in paragraph 2, and therefore denies them.

3.      Thermal Ceramics admits it is authorized to do and is doing business in the State of California.  To the extent the allegations in paragraph 3 are directed toward other defendants, no response is required.  To the extent the allegations are directed toward Thermal Ceramics, except as expressly admitted, Thermal Ceramics denies the allegations of paragraph 3.

4.      To the extent the allegations in paragraph 4 are directed toward other defendants, no response is required.  To the extent the allegations are directed toward Thermal Ceramics, they are denied.

## FIRST CAUSE OF ACTION - NEGLIGENCE

### (Personal Injuries)

5**.**      Answering the allegations in paragraph 5, Thermal Ceramics incorporates its previous responses as though fully set forth herein.

6.      To the extent the allegations in paragraph 6 are directed toward other defendants, no response is required.   To the extent the allegations in paragraph 6 are directed toward Thermal Ceramics, Thermal Ceramics denies the allegations in paragraph 6.

7.      To the extent the allegations in paragraph 7 are directed toward other defendants, no response is required.   To the extent the allegations in paragraph 7 are directed toward Thermal Ceramics, Thermal Ceramics denies the allegations in paragraph 7.

8.      To the extent the allegations in paragraph 8 are directed toward other defendants, no response is required.   To the extent the allegations in paragraph 8 are directed toward Thermal Ceramics, Thermal Ceramics denies the allegations in paragraph 6.

9.      To the extent the allegations in paragraph 9 are directed toward other defendants, no response is required.   To the extent the allegations in paragraph 9 are directed toward Thermal Ceramics, Thermal Ceramics denies the allegations in paragraph 9.

1    10.    Thermal Ceramics lacks knowledge or sufficient information to form a
2    belief as to the truth of the allegations in paragraph 10, and therefore denies them.

3    11.    To the extent the allegations in paragraph 11 are directed toward other
4    defendants, no response is required.    To the extent the allegations in paragraph 11 are
5    directed toward Thermal Ceramics, Thermal Ceramics denies the allegations in
6    paragraph 11.

7    12.    Thermal Ceramics lacks knowledge or sufficient information to form a
8    belief as to the truth of the allegations in paragraph 12, and therefore denies them.

9    13.    Thermal Ceramics lacks knowledge or sufficient information to form a
10    belief as to the truth of the allegations in paragraph 13, and therefore denies them.

11    14.    To the extent the allegations in paragraph 14 are directed toward other
12    defendants, no response is required.    To the extent the allegations in paragraph 14 are
13    directed toward Thermal Ceramics, Thermal Ceramics denies the allegations in
14    paragraph 14.

15    15.    To the extent the allegations in paragraph 15 are directed toward other
16    defendants, no response is required.    To the extent the allegations in paragraph 15 are
17    directed toward Thermal Ceramics, Thermal Ceramics denies the allegations in
18    paragraph 15.

19    16.    Thermal Ceramics denies the allegations in paragraph 16.

20    17.    To the extent the allegations in paragraph 17 are directed toward other
21    defendants, no response is required.    To the extent the allegations in paragraph 17 are
22    directed toward Thermal Ceramics, Thermal Ceramics denies the allegations in
23    paragraph 17.

24    18.    To the extent the allegations in paragraph 18 are directed toward other
25    defendants, no response is required.    To the extent the allegations in paragraph 18 are
26    directed toward Thermal Ceramics, Thermal Ceramics denies the allegations in
27    paragraph 18.

28    ///

19.   To the extent the allegations in paragraph 19 are directed toward other defendants, no response is required.   To the extent the allegations in paragraph 19 are directed toward Thermal Ceramics, Thermal Ceramics denies the allegations in paragraph 19.

20.   To the extent the allegations in paragraph 20 are directed toward other defendants, no response is required.   To the extent the allegations in paragraph 20 are directed toward Thermal Ceramics, Thermal Ceramics denies the allegations in paragraph 20.

21.   To the extent the allegations in paragraph 20 are directed toward other defendants, no response is required.   To the extent the allegations in paragraph 20 are directed toward Thermal Ceramics, Thermal Ceramics denies the allegations in paragraph 20.

## SECOND CAUSE OF ACTION – STRICT LIABILITY

22.   Answering the allegations in paragraph 22, Thermal Ceramics Incorporates its previous responses as though fully set forth herein.

23.   To the extent the allegations in paragraph 23 are directed toward other defendants, no response is required.   To the extent the allegations in paragraph 23 are directed toward Thermal Ceramics, Thermal Ceramics denies the allegations in paragraph 23.

24.   To the extent the allegations in paragraph 24 are directed toward other defendants, no response is required.   To the extent the allegations in paragraph 24 are directed toward Thermal Ceramics, Thermal Ceramics denies the allegations in paragraph 24.

25.   To the extent the allegations in paragraph 25 are directed toward other defendants, no response is required.   To the extent the allegations in paragraph 25 are directed toward Thermal Ceramics, Thermal Ceramics denies the allegations in paragraph 25.

///

## THIRD CAUSE OF ACTION – LOSS OF CONSORTIUM

26.    Answering the allegations in paragraph 26, Thermal Ceramics incorporates its previous responses as though fully set forth herein.

27.    Thermal Ceramics lacks knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 27, and therefore denies them.

28.    To the extent the allegations in paragraph 28 are directed toward other defendants, no response is required.   To the extent the allegations in paragraph 28 are directed toward Thermal Ceramics, Thermal Ceramics denies the allegations in paragraph 28.

29.    No response is required to the extent that the allegations in paragraph 29 state legal conclusions.  To the extent a response is required, Thermal Ceramics denies the allegations in paragraph 29.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

Thermal Ceramics states the following as separate affirmative defenses to Plaintiffs' complaint:

## FIRST AFFIRMATIVE DEFENSE

1.    AS AND FOR A FIRST AFFIRMATIVE DEFENSE to Plaintiffs' Complaint, this answering defendant alleges that Plaintiffs' Complaint, and each and every purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action against this answering defendant.

## SECOND AFFIRMATIVE DEFENSE

2.    AS AND FOR A SECOND AFFIRMATIVE DEFENSE to Plaintiffs' Complaint, this answering defendant alleges that insofar as Plaintiffs fail to identify the supplier or manufacturer of the equipment that allegedly caused the damage, loss, or injury complained of, the Complaint fails to state a cause of action upon which relief can be granted.  If relief were granted as against this answering defendant in the absence of such identification, such relief would contravene the constitutional rights of this answering defendant to substantive and procedural due

Thermal Ceramics' Answer to Complaint                    USDC Case No.: CV-08-3741 SI

537315.1 Answer to Complaint

1  process of law, to equal protection of the laws, and to protection from the taking of
2  private property for public use without just compensation, all preserved by the
3  United States Constitution and the Constitution of the State of California.

**THIRD AFFIRMATIVE DEFENSE**

4
5  3.    AS AND FOR A THIRD AFFIRMATIVE DEFENSE to Plaintiffs'
6  Complaint, this answering defendant alleges that the accident, injuries, and
7  damages alleged in Plaintiffs' Complaint were not caused by reason of any
8  negligence, fault or culpable conduct on the part of this answering defendant, and
9  this answering defendant denies that it is liable to Plaintiffs and the decedent for
10 the damages alleged in the Complaint.  Rather, the accident, injuries, and damages
11 alleged in Plaintiffs' Complaint were caused in whole or in part by reason of the
12 negligence, fault or culpable conduct of Plaintiffs and/or the decedent or by the
13 negligence, fault or culpable conduct of others, over whom this answering
14 defendant had no control.  However, in the event that a determination is made that
15 some negligence or fault of this answering defendant proximately contributed to
16 the accident, injuries, or damages alleged, this answering defendant alleges that
17 one or more persons or entities are in some manner responsible for the injuries and
18 damages alleged, and by reason thereof, it is entitled to an apportionment among
19 these persons or entities according to law.  Further, the amount of recovery, if any,
20 must be reduced by an amount proportionate to the amount by which the
21 negligence, fault or culpable conduct of Plaintiffs and/or the decedent and/or others
22 contributed to the accident, injuries and damages alleged in said Complaint.

**FOURTH AFFIRMATIVE DEFENSE**

23
24 4.    AS AND FOR A FOURTH AFFIRMATIVE DEFENSE to Plaintiffs'
25 Complaint, this answering defendant alleges that Plaintiffs are barred from any
26 recovery herein because the negligence, and/or fault of Plaintiffs and/or the
27 decedent or the negligence or fault of others was the sole and proximate cause of
28 the accident, injuries and damages for which relief is sought by the Complaint.

---

Thermal Ceramics' Answer to Complaint                    USDC Case No.: CV-08-3741 SI

537315.1 Answer to Complaint

1

## FIFTH AFFIRMATIVE DEFENSE

2      5.    AS AND FOR A FIFTH AFFIRMATIVE DEFENSE to Plaintiffs'

3 Complaint, this answering defendant alleges that any design or warning defects in

4 the product or products described in Plaintiffs' Complaint are due to the plans or

5 specifications or directions provided by an entity or entities other than this

6 answering defendant or its suppliers; said plans or specifications or directions were

7 not so obviously defective and dangerous that no reasonable man would follow

8 them; and said plans or specifications or directions were the sole and proximate

9 cause of injuries to Plaintiffs and/or the decedent, if any, as alleged in the

10 Complaint.

11

## SIXTH AFFIRMATIVE DEFENSE

12      6.    AS AND FOR A SIXTH AFFIRMATIVE DEFENSE to Plaintiffs'

13 Complaint, this answering defendant alleges that the Plaintiffs' and the decedent's

14 damages, if any, were solely and proximately caused by the unforeseeable and

15 improper use, misuse, abuse, or alteration of the alleged offending products by

16 Plaintiffs or others over whom this answering defendant had no control. Such

17 unforeseeable and improper use, misuse, abuse, or alteration, was contrary to the

18 intent, instructions, knowledge or approval of this answering defendant.

19

## SEVENTH AFFIRMATIVE DEFENSE

20      7.    AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE to

21 Plaintiffs' Complaint, this answering defendant alleges that Plaintiffs and the

22 decedent failed to mitigate or minimize their damages, if any, in that they failed to

23 properly maintain, control, inspect or otherwise conduct their activities, and

24 otherwise failed to take adequate measures to mitigate or minimize their damages,

25 expenditures, and costs, if any.

26

## EIGHTH AFFIRMATIVE DEFENSE

27      8.    AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE to Plaintiffs'

28 Complaint, this answering defendant alleges that under and pursuant to the

---

Thermal Ceramics' Answer to Complaint        USDC Case No.: CV-08-3741 SI

537315.1 Answer to Complaint

provisions of California Civil Code sections 1431.1 through 1431.5, Plaintiffs are barred and precluded from recovery against this answering defendant for any non-economic damages except those allocated to this answering defendant in direct proportion to its percentage of fault, if any such fault or damages are found to exist.

### NINTH AFFIRMATIVE DEFENSE

9.    AS AND FOR A NINTH AFFIRMATIVE DEFENSE to Plaintiffs' Complaint, this answering defendant alleges that Plaintiffs' action, and each alleged cause of action against this answering defendant, is barred by the applicable statute of limitations and/or repose.

### TENTH AFFIRMATIVE DEFENSE

10.    AS AND FOR AN TENTH AFFIRMATIVE DEFENSE to Plaintiffs' Complaint, this answering defendant alleges that any risk of harm associated with the use of the product or products described in Plaintiffs' Complaint was voluntarily and reasonably accepted by the decedent with actual knowledge and appreciation of the magnitude of any such risk or risks, and any such reasonably implied assumption of the risk was the sole and proximate cause of Plaintiffs' and/or the decedent's damages, if any, as alleged in the Complaint.  Thus, Plaintiffs' and the decedent's reasonably implied assumption of the risk acts as a complete bar to Plaintiffs' and the decedent's recovery.

### ELEVENTH AFFIRMATIVE DEFENSE

11.    AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE to Plaintiffs' Complaint, this answering defendant alleges that any award of punitive damages based on anything other than answering defendant's conduct in connection with the supply of the specific product that is the subject of the claims against this answering defendant in this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution and the due process provisions of the Constitution of the State of California, and would be

improper under the common law and public policies of the State of California, because any other judgment for punitive damages in this case cannot protect this answering defendant against impermissible multiple punishment for the same wrong. In addition, any such award would violate the Commerce Clause of the United States Constitution and principles of comity under the laws of the State of California.

## TWELFTH AFFIRMATIVE DEFENSE

12.   AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE to Plaintiffs' Complaint, this answering defendant alleges that unless its liability for punitive damages and the appropriate amount of punitive damages are required to be established by clear and convincing evidence, any award of punitive damages would violate this answering defendant's due process of rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Constitution of the State of California, and would be improper under the common law and public policies of the State of California.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.   AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE to Plaintiffs' Complaint, this answering defendant alleges that the claim of Plaintiffs for punitive damages against this answering defendant cannot be sustained because any award of punitive damages under California law without bifurcating the trial and trying all punitive damages issues only if and after liability on the merits has been found would violate this answering defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Constitution of the State of California, and would be improper under the common law and public policies of the State of California.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.   AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE to Plaintiffs' Complaint, this answering defendant alleges that the claim of Plaintiffs

1  for punitive damages against this answering defendant cannot be sustained,
2  because an award of punitive damages under California law subject to no
3  predetermined limit, such as a maximum multiple of compensatory damages or a
4  maximum amount, on the amount of punitive damages that a jury may impose
5  would violate this answering defendant's due process rights guaranteed by the due
6  process provisions of the Constitution of the State of California, and would be
7  improper under the common law and public policies of the State of California.

8  ## FIFTEENTH AFFIRMATIVE DEFENSE

9      15.   AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE to
10 Plaintiffs' Complaint, this answering defendant alleges that the claim of Plaintiffs
11 for punitive damages against this answering defendant cannot be sustained,
12 because an award of punitive damages under California law by a jury that (1) is not
13 provided standards of sufficient clarity for determining the appropriateness, and the
14 appropriate size, of a punitive damages award, (2) is not adequately instructed on
15 the limits of punitive damages imposed by the applicable principles of deterrence
16 and punishment, (3) is not expressly prohibited from awarding punitive damages,
17 or determining the amount of an award of punitive damages, in whole or in part, on
18 the basis of invidiously discriminatory characteristics, including the residence,
19 wealth, and corporate status of this answering defendant, (4) is permitted to award
20 punitive damages under a standard for determining liability for punitive damages
21 that is vague and arbitrary and does not define with sufficient clarity the conduct or
22 mental state that makes punitive damages permissible, and (5) is not subject to trial
23 court and appellate judicial review for reasonableness and furtherance of legitimate
24 purposes on the basis of objective standards, would violate this answering
25 defendant's due process and equal protection rights guaranteed by the Fourteenth
26 Amendment to the United States Constitution and by the due process and equal
27 protection provisions of the Constitution of the State of California, and would be
28 improper under the common law and public policies of the State of California.

---

1

## SIXTEENTH AFFIRMATIVE DEFENSE

2      16.    AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE to

3  Plaintiffs' Complaint, this answering defendant alleges that Plaintiffs are able to

4  identify the entities actually responsible for the asbestos-containing products which

5  caused Plaintiffs' injuries, if any, and that Plaintiffs therefore are not entitled to

6  invoke the "market share theory" of liability in this case.   Furthermore, this

7  answering defendant alleges that it did not have an appreciable share of the market,

8  if any, for the asbestos-containing products, if any, which allegedly caused

9  Plaintiffs' injuries.   Accordingly, this answering defendant may not be held liable

10  to Plaintiffs based on its alleged share of the applicable product market.

11

## SEVENTEENTH AFFIRMATIVE DEFENSE

12      17.    AS AND FOR AN SEVENTEENTH AFFIRMATIVE DEFENSE to

13  Plaintiffs' Complaint, this answering defendant alleges that Plaintiffs failed to join

14  necessary and indispensable parties to this action and, therefore, joinder of these

15  parties should be ordered or, in the alternative, this action should be dismissed as

16  to this answering defendant.

17

## EIGHTEENTH AFFIRMATIVE DEFENSE

18      18.    AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE to

19  Plaintiffs' Complaint, this answering defendant alleges that Plaintiffs' claims and

20  each of them in this action are preempted by federal statutes and regulations

21  governing workplace exposure to asbestos and therefore are barred by the

22  Supremacy Clause of the United States Constitution.

23

## NINETEENTH AFFIRMATIVE DEFENSE

24      19.    AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE to

25  Plaintiffs' Complaint, this answering defendant alleges that if the trier of fact

26  determines that a risk of damage is inherent in the product(s) allegedly involved,

27  then the danger created by said risk is outweighed by the benefits of the product.

28  ///

**TWENTIETH AFFIRMATIVE DEFENSE**

20.    AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE to Plaintiffs' Complaint, this answering defendant alleges that the product was not defective in that the product was supplied with adequate warnings pertaining to dangerous propensities, if any, of the product.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

21.    AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE to Plaintiffs' Complaint, this answering defendant alleges that it did not breach any duty owed to Plaintiffs or the decedent because the product, when manufactured and distributed, conformed to the state of the art, and because the then-current medical, scientific, and industrial knowledge, state of the art, and practice was such that this answering defendant did not know and could not know that the product might pose a risk of harm, if any, in normal and foreseeable use.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

22.    AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE to Plaintiffs' Complaint, this answering defendant alleges that there is no causal relationship between any injuries or damages allegedly sustained by Plaintiffs, and any alleged wrongful act or omission by this answering defendant, or any exposure by the decedent to any products manufactured or supplied by this answering defendant.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

23.    AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE to Plaintiffs' Complaint, this answering defendant alleges that if the decedent sustained any injuries or damages by the product complained of, the injuries or damages were proximately caused by the allergies, sensitivities, and idiosyncrasies peculiar to the decedent not found in the general public, and unknown or unknowable and unforeseeable to this answering defendant.

///

1

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

2     24.    AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

3  to Plaintiffs' Complaint, this answering defendant alleges that if the decedent

4  sustained any injuries or damages by the product complained of, the negligence,

5  carelessness, omissions, fault and breach of warranties of the decedent and/or

6  persons other than this answering defendant, whether individual, corporate,

7  associate or otherwise, whether named or unnamed in the Complaint, were an

8  intervening and superseding cause of such injury or damage, and accordingly, such

9  acts completely bar any recovery against this answering defendant.

10

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

11     25.    AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE to

12  Plaintiffs' Complaint, this answering defendant alleges that if the Plaintiffs or the

13  decedent sustained any injuries or damages by the product complained of, the

14  product was sold in bulk by this answering defendant to a knowledgeable and

15  sophisticated purchaser over whom this answering defendant had no control and

16  who was fully informed as to the risks and dangers, if any, associated with the

17  product and the precautions, if any, required to avoid those risks and dangers.  This

18  purchaser thereafter resold the product after repackaging, relabeling, and/or mixing

19  the product with other chemicals thereby transforming the product into a new and

20  different product.    Therefore, this answering defendant had no duty to warn

21  Plaintiffs of the risks and dangers, if any, associated with the product, and

22  whatever injuries or damages, if any, sustained were proximately caused by the

23  failure of the knowledgeable purchaser and re-seller to adequately warn and

24  instruct the ultimate user regarding the product.    Accordingly, this answering

25  defendant is not liable for Plaintiffs' and the decedent's injuries or damages, if any.

26

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

27     26.    AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE to

28  Plaintiffs' Complaint, this answering defendant alleges that it acted reasonably and

1  with due care toward the decedent and all persons whose alleged damage, loss, or
2  injury purports to be a basis for claims in this action, and this answering defendant
3  did not violate any duty owed to any such plaintiff or person.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

5       27.    AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE
6  to Plaintiffs' Complaint, this answering defendant alleges that any damages, loss,
7  or injury complained of resulted from natural causes over which this answering
8  defendant has never had control and for which this answering defendant is not
9  liable.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

11      28.    AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE to
12  Plaintiffs' Complaint, this answering defendant alleges that it could not and did not
13  foresee the risks of any damage, loss, or injury complained of.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

15      29.    AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE to
16  Plaintiffs' Complaint, this answering defendant alleges that if the decedent
17  sustained any injuries or damages by the product complained of, the product was
18  intended for and sold to a knowledgeable and sophisticated user over whom this
19  answering defendant had no control and who was fully informed as to the risks and
20  dangers, if any, associated with the product and the precautions, if any, required to
21  avoid such risks and dangers.  Accordingly, this answering defendant had no duty
22  to warn the knowledgeable and sophisticated user of the risks and dangers, if any,
23  associated with the product, and whatever injuries or damages, if any, Plaintiffs
24  sustained were proximately caused by the failure of the knowledgeable and
25  sophisticated user to use the product for the purpose for which, and in the manner
26  which, it was intended to be used, and to adequately warn and instruct the Plaintiff
27  concerning the product and the dangers and risks, if any, associated with the
28  product.

1

## THIRTIETH AFFIRMATIVE DEFENSE

2    30.    AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE to
3    Plaintiffs' Complaint, this answering defendant alleges that Plaintiffs are barred
4    from recovery against this answering defendant because it cannot be held liable to
5    Plaintiffs under the theory of successor liability as exemplified by *Ray v. Alad*
6    *Corp.* (1977) 19 Cal. 3d 22; and *Lundell v. Sidney Machine Tool Co.* (1987) 190
7    Cal. App. 3d 1546.

8

## THIRTY-FIRST AFFIRMATIVE DEFENSE

9    31.    AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE to
10    Plaintiffs' Complaint, this answering defendant alleges that any of its products at
11    issue in this lawsuit were designed, manufactured, inspected, packaged, labeled,
12    sold, and distributed in compliance with all applicable codes, standards, and
13    regulations established, adopted, promulgated, or approved by the United States or
14    the State of California.

15

## THIRTY-SECOND AFFIRMATIVE DEFENSE

16    32.    AS AND FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE to
17    Plaintiffs' Complaint, this answering defendant is informed and believes, and
18    based upon such information and belief alleges that, as to Plaintiffs' Complaint and
19    each and every purported cause of action contained therein, the decedent was
20    acting in the course and scope of his employment and was protected by the
21    Workers' Compensation laws of the State of California or by similar provisions of
22    the laws of another state or the United States; that payments have been, and/or will
23    be, made to Plaintiffs or to others for which Plaintiffs are the beneficiaries; that any
24    injuries and/or damages described in the Complaint were proximately caused by
25    the negligence or fault of the Plaintiffs and the decedent, their fellow employees
26    and/or employer; and that any recovery in this action should be reduced by the
27    total amount of all payments and/or benefits paid by or on behalf of the decedent's
28    employer according to applicable laws.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

33.    AS AND FOR A THIRTY-THIRD AFFIRMATIVE DEFENSE to Plaintiffs' Complaint, this answering defendant alleges that Plaintiffs lack standing to bring the purported causes of action asserted in the Complaint.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

34.    AS AND FOR A THIRTY-FOURTH AFFIRMATIVE DEFENSE to Plaintiffs' Complaint, this answering defendant alleges that the decedent was a sophisticated user of the products alleged in the Complaint and an experienced member of a limited class of skilled individuals upon whose special knowledge and expertise concerning his work upon which this answering defendant was entitled to rely.  Therefore, this answering defendant owes no duty to the decedent and Plaintiffs.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

35.    AS AND FOR A THIRTY-FIFTH AFFIRMATIVE DEFENSE to Plaintiffs' Complaint, this answering defendant alleges that Plaintiffs' claims are barred in whole or in part by the doctrine of waiver.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

36.    AS AND FOR A THIRTY-SIXTH AFFIRMATIVE DEFENSE to Plaintiffs' Complaint, this answering defendant alleges that Plaintiffs' claims are barred by the applicable Occupational Disease Acts.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

37.    AS AND FOR A THIRTY-SEVENTH AFFIRMATIVE DEFENSE to Plaintiffs' Complaint, this answering defendant alleges that Plaintiffs are not entitled to an award of costs or attorneys' fees.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

38.    AS AND FOR A THIRTY-EIGHTH AFFIRMATIVE DEFENSE to Plaintiffs' Complaint, this answering defendant alleges that Plaintiffs' claims are barred in whole or in part because this answering defendant's activities were in

accordance with the applicable standards of care under all applicable federal and state laws and regulations, and activities by this answering defendant in accordance with such standards of care were reasonable as a matter of law.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

39.    AS AND FOR A THIRTY-NINTH AFFIRMATIVE DEFENSE to Plaintiffs' Complaint, this answering defendant alleges that this answering defendant is entitled to a set-off of any and all sums received by the decedent and Plaintiffs from whatever source as a consequence of their alleged injuries or damages.

### FORTIETH AFFIRMATIVE DEFENSE

40.    AS AND FOR A FORTIETH AFFIRMATIVE DEFENSE to Plaintiffs' Complaint, this answering defendant alleges that Plaintiffs claims are barred in whole or in part because Plaintiffs seek damages for some injuries which have not accrued and are purely speculative and uncertain.   Plaintiffs are not entitled to recover for said injuries.

### FORTY-FIRST AFFIRMATIVE DEFENSE

41.    AS AND FOR A FORTY-FIRST AFFIRMATIVE DEFENSE to Plaintiffs' Complaint, this answering defendant alleges that Plaintiffs' claims are barred in whole or in part because any exposure of the decedent to products for which this answering defendant is alleged to be responsible was insufficient in duration and dose to cause or contribute to the injuries and damages of which Plaintiffs complain.

### FORTY-SECOND AFFIRMATIVE DEFENSE

42.    AS AND FOR A FORTY-SECOND AFFIRMATIVE DEFENSE to Plaintiffs' Complaint, this answering defendant alleges that Plaintiffs' claims are barred in whole or in part by the raw materials supplier defense, bulk supplier defense, and/or Section 5 of the Restatement (Third) of Torts.

///

---

## FORTY-THIRD AFFIRMATIVE DEFENSE

43.     AS AND FOR A FORTY-THIRD AFFIRMATIVE DEFENSE to Plaintiffs' Complaint, this answering defendant alleges, on information and belief, that Plaintiffs' Complaint and each cause of action therein are barred by the doctrine of estoppel.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

44.     AS AND FOR A FORTY-FOURTH AFFIRMATIVE DEFENSE to Plaintiffs' Complaint, this answering defendant alleges that Plaintiffs and the decedent unreasonably delayed in bringing this action, without good cause therefore, and thereby have prejudiced this answering defendant as a direct and proximate result of such delay; accordingly, this action is barred by laches.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

45.     AS AND FOR A FORTY-FIFTH AFFIRMATIVE DEFENSE to Plaintiffs' Complaint, venue is improper in this Court.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

46.     AS AND FOR A FORTY-SIXTH AFFIRMATIVE DEFENSE to Plaintiffs' Complaint, the complaint, and each purported cause of action therein, may be barred, in whole or in part, by the doctrine of unclean hands.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

47.     AS AND FOR A FORTY-SEVENTH AFFIRMATIVE DEFENSE to Plaintiffs' Complaint, Plaintiffs lack capacity to pursue the claims in this lawsuit.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

48.     AS AND FOR A FORTY-EIGHTH AFFIRMATIVE DEFENSE to Plaintiffs' Complaint, this is an inconvenient forum and this action should be dismissed based upon the doctrine of *forum non conveniens*.

## FORTY-NINTH AFFIRMATIVE DEFENSE

49.     AS AND FOR A FORTY-NINTH AFFIRMATIVE DEFENSE to Plaintiffs' Complaint, Plaintiffs' action may be governed, in whole or in part, by

1  the laws of jurisdictions other than California, including the laws of other states or
2  foreign countries.  Defendant hereby gives notice pursuant to Fed. Rule of Civ.
3  Proc. 44.1 that it may raise issues in this action concerning a foreign law.

### FIFTIETH AFFIRMATIVE DEFENSE

5  50.  AS  AND  FOR  A  FIFTIETH  AFFIRMATIVE  DEFENSE  to
6  Plaintiffs' Complaint, this answering defendant adopts and incorporates herein, as
7  if set forth in full, all Affirmative Defenses already or subsequently pled by all
8  other defendants, except for affirmative defenses, if any, that make allegations
9  against this answering defendant.

### FIFTY-FIRST AFFIRMATIVE DEFENSE

11  51.  AS  AND  FOR  A  FIFTY-FIFTH  AFFIRMATIVE  DEFENSE  to
12  Plaintiffs' Complaint, this answering defendant reserves the right to assert any
13  other defenses that may become available or appear during the proceedings in this
14  case.  This answering defendant also reserves the right to assert other and related
15  defenses as may become available in the event of a determination that the common
16  law causes of action described in the Complaint, or some portions thereof, are
17  governed by the substantive law of a jurisdiction other than the State of California.

18  **WHEREFORE**, THERMAL CERAMICS INC. prays for judgment as
19  follows:

20  1.  That Plaintiffs take nothing by reason of their Complaint;

21  2.  Judgment be entered in favor of this answering defendant;

22  3.  That this answering defendant be dismissed with its costs of suit;

23  4.  The Court determine this answering defendant's proportionate share,
24  if any, of the combined responsibility and fault of all persons and entities which
25  proximately caused or contributed to the decedent and Plaintiffs' injuries and
26  damages, if any;

27  5.  Any judgment for damages entered against this answering defendant
28  not exceed an amount equivalent to its proportionate share of the combined

Thermal Ceramics' Answer to Complaint                     USDC Case No.: CV-08-3741 SI
537315.1 Answer to Complaint

1  responsibility and fault of all persons and entities which proximately caused or

2  contributed to the decedent's and Plaintiffs' injuries and damages, if any;

3      6.    The total amount of damages, if any, sustained by the decedent and

4  Plaintiffs as a result of the matters alleged in the Complaint be reduced

5  proportionately by the percentage of negligence and fault attributable to the

6  decedent and Plaintiffs, and to all other persons and entities which are not party

7  defendants to this action at the time judgment for Plaintiffs, if any, is rendered;

8      7.    Any judgment for damages entered against this answering defendant

9  be reduced by the amount of workers' compensation benefits paid, and to be paid,

10  to or on behalf of the decedent and/or Plaintiffs; and,

11      8.    For such other, further and different relief as the Court may deem just

12  and proper, including reasonable expenses.

13

14  Dated:  August 21, 2008                    MENDES & MOUNT, LLP

15

16                                            By:_____

17                                            Garth W. Aubert
                                              Linda C. Hsu
18                                            Attorneys for Defendant
                                              Thermal Ceramics, Inc.
19

20

21

22

23

24

25

26

27

28

---

Thermal Ceramics' Answer to Complaint                    USDC Case No.: CV-08-3741 SI

537315.1 Answer to Complaint

## <u>PROOF OF SERVICE</u>

| | | |
|---|---|---|
| **STATE OF CALIFORNIA** | ) | **Zaragoza v. A.W. Chesterton, et al.** |
| | ) ss. | **USDC Case No. CV-08-3841 SI** |
| **COUNTY OF LOS ANGELES** | ) | **Our File No. 396,298** |

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 445 S. Figueroa Street, Suite 3800, Los Angeles, California 90071.

On **August 21, 2008**, I served the document described as **ANSWER OF DEFENDANT THERMAL CERAMICS INC. TO COMPLAINT FOR DAMAGES** on the interested parties in this action, as follows:

### SEE ATTACHED SERVICE LIST

<u>X</u> **(By U.S. Mail)** By placing _____ the original / <u>X</u> a true copy thereof enclosed in a sealed envelope, with postage fully paid, addressed as per the attached service list, for collection and mailing at Mendes & Mount in Los Angeles, California following ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

_____ **(By Facsimile)** I transmitted from a facsimile transmission machine whose telephone number is (213) 955-7725 the above-entitled document to the parties listed on the attached Service List and whose facsimile transmission machine telephone number is indicated. The above-described transmission was reported as complete without error by a transmission report issued by the facsimile transmission machine upon which the said transmission was made immediately following the transmission. A true and correct copy of the said transmission report is attached hereto and incorporated herein by this reference.

_ **(By FedEx)** I placed the above-entitled document in a FedEx (Overnight) envelope/pouch as addressed and indicated on the attached service list, with delivery fees paid or provided for and deposited in a facility regularly maintained by the express service carrier or delivered to a courier or driver authorized to receive documents on its behalf.

<u>X</u> **(FEDERAL)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **August 21, 2008**, at Los Angeles, California.

Lissette M. Fernández

538488.1 -POS.Federal

1

## SERVICE LIST

2

**VIA U.S. MAIL**

Attorneys for Plaintiff

3

Jeffrey A. Kaiser

Levin Simes Kaiser &

4

Gornick

44 Montgomery Street

5

36th Floor

Los Angeles, CA 94104

6

Tel: 415-646-7160

7

Fax: 415-981-1270

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

538488.1 -POS.Federal

1  Garth W. Aubert Bar No. 162877
   Linda C. Hsu, Bar No.  239880
2  Mendes & Mount, LLP
   445 South Figueroa Street, 38th Floor
3  Los Angeles, CA  90071-1602
   (213) 955-7700
4  (213) 955-7725 Fax
   Garth.Aubert@mendes.com
5  Linda.Hsu@mendes.com

6  Attorneys for Defendant
   Thermal Ceramics Inc.
7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11 MONTY ZAROGOZA and JUDITH          )  No. CV 08-3841 SI
   ZAROGOZA,                          )
12                                    )  (San Francisco Superior Court Case No.
          Plaintiffs,                 )  CGC-08-274737)
13                                    )
          v.                          )  **RULE 7.1 DISCLOSURE**
14                                    )  **STATEMENT FOR DEFENDANT**
   A.W. CHESTERTON COMPANY, et        )  **THERMAL CERAMICS INC.**
15 al.                                )
                                      )
16        Defendants.                 )
                                      )
17                                    )
                                      )
18 _____)

19                 **DISCLOSURE STATEMENT**

20       Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, defendant

21 Thermal Ceramics Inc. is wholly owned by Morganite Industries, Inc.

22

23 Dated:  August 21, 2008              MENDES & MOUNT, LLP

24

25                                     By: _____
26                                         Garth W. Aubert
                                           Linda C. Hsu
27                                         Attorneys for Defendant
                                           Thermal Ceramics Inc.
28

Rule 7.1 Disclosure Statement                    USDC Case No.: CV-08-3741 SI
                                   -1-
538411.1 DisclosureStatement

## PROOF OF SERVICE

| | | |
|---|---|---|
| **STATE OF CALIFORNIA** | ) | **Zaragoza v. A.W. Chesterton, et al.** |
| | ) ss. | **USDC Case No. CV-08-3841 SI** |
| **COUNTY OF LOS ANGELES** | ) | **Our File No. 396,298** |

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 445 S. Figueroa Street, Suite 3800, Los Angeles, California 90071.

On **August 21, 2008**, I served the document described as **RULE 7.1 DISCLOSURE STATEMENT FOR DEFENDANT THERMAL CERAMICS INC.** on the interested parties in this action, as follows:

### SEE ATTACHED SERVICE LIST

**X** **(By U.S. Mail)** By placing _____ the original / __X__ a true copy thereof enclosed in a sealed envelope, with postage fully paid, addressed as per the attached service list, for collection and mailing at Mendes & Mount in Los Angeles, California following ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

**____** **(By Facsimile)** I transmitted from a facsimile transmission machine whose telephone number is (213) 955-7725 the above-entitled document to the parties listed on the attached Service List and whose facsimile transmission machine telephone number is indicated. The above-described transmission was reported as complete without error by a transmission report issued by the facsimile transmission machine upon which the said transmission was made immediately following the transmission. A true and correct copy of the said transmission report is attached hereto and incorporated herein by this reference.

**__** **(By FedEx)** I placed the above-entitled document in a FedEx (Overnight) envelope/pouch as addressed and indicated on the attached service list, with delivery fees paid or provided for and deposited in a facility regularly maintained by the express service carrier or delivered to a courier or driver authorized to receive documents on its behalf.

**X** **(FEDERAL)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **August 21, 2008**, at Los Angeles, California.

Lissette M. Fernández

538488.1 -POS.Federal

**<u>SERVICE LIST</u>**

**<u>VIA U.S. MAIL</u>**
<u>Attorneys for Plaintiff</u>
Jeffrey A. Kaiser
Levin Simes Kaiser &
Gornick
44 Montgomery Street
36th Floor
Los Angeles, CA 94104
Tel: 415-646-7160
Fax: 415-981-1270